Robert Farris-Olsen, #11937
Morrison, Sherwood, Wilson & Deola, PLLP
P.O. Box 557
401 N Last Chance Gulch
Helena, MT  59624
(406) 442-3261 Phone
(406) 443-7294 Fax
rfolsen@mswdlaw.com

*Attorney for Defendants*

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re: <br><br> ROBIN CLAUSEN <br><br> Debtor. | Case No. 19-61214 <br><br> Adv. No. 2:23-AP-02001-BPH |
| ROBIN CLAUSEN, <br><br> Plaintiff, <br><br> vs. <br><br> HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI d/b/a MOHELA; U.S. DEPARTMENT OF EDUCATION; and, THE PENNSYLVANIA STATE UNIVERSITY <br><br> Defendants. | **FIRST AMENDED ADVERSARY COMPLAINT** |

Comes now, Plaintiff Robin Clausen, through counsel, and for his First Amended Complaint against The Higher Education Loan Authority of the State of Missouri d/b/a MOHELA ("MOHELA"), the U.S. Department of Education ("DOE") and the Pennsylvania State University, states and alleges as follows:

1

## PARTIES

1. Plaintiff Robin Clausen is a resident of the State of Montana, residing in the District of Montana.

2. MOHOELA is a business entity that services Clausen's student loan.

3. DOE is the U.S. Department of Education and a division of the Federal Government of the United States.

4. The Pennsylvania State University is a post-secondary educational institution located in the State of Pennsylvania.

## JURISDICTION

5. This Adversary Proceeding is brought under Case Number 19-61214. Clausen filed his underlying Chapter 13 bankruptcy in the United States Bankruptcy Court for the District of Montana. It is captioned is *In Re: Robin Clausen*, Cause No. 19-61214,

6. The Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 13345(b) and 28 U.S.C. § 157(b). This is a core proceeding under Title 11 because it concerns the determination as to the dischargeability of a debt.

7. This Adversary Proceeding is brought pursuant to 11 U.S.C. § 523(a)(8) and Federal Rules of Bankruptcy Procedure 7001.

8. The United States has waived its sovereign immunity with respect to proceedings brought under 11 U.S.C. § 523(a)(8). *See* 11 U.S.C. 106(a)(1)

9. Venue is proper in the District of Montana pursuant to 28 U.S.C. § 1409 because this matter arises in and is related to a bankruptcy case in this District.

## FACTS

10. Plaintiff borrowed the lifetime maximum of student loans to attend the University of Colorado, Boulder, where he earned his Bachelor's and Master's degrees between 1994 and 2001. Approximately three-quarters of the debt he owes was accumulated due to these loans.

11. After earning his Master's degree, Plaintiff attended Pennsylvania State University to obtain a Ph.D. in educational policy.

12. Plaintiff obtained his Ph.D. in December, 2012, at which point he became responsible for repaying his loans.

13. Plaintiff is currently employed as a Research Liaison at the Montana Office of Public Instruction.

14. Owing to circumstances beyond his control, Plaintiff filed for bankruptcy in this Court on December 9, 2019.

15. Plaintiff's combined student debt is approximately $336,000. Of this amount, Plaintiff estimates that around $140,000 is due to interest accumulated on the loans.

16. His current income is $5,272.28 per month. He is employed by the State of Montana in the with the Superintendent of Public Instruction.

17. His employment is currently stable, and he only receives modest salary increases. The increases are not sufficient to cover increased expenses due his disability and inflation.

18. Moreover, his income is tied to his periodic disability. When his disability flares, he cannot work, and has to return to social security disability income. That significantly reduces his monthly income.

19. His current monthly expenses are equal to or greater than his income in large part due to his increased medical expenses for his disability.

20. Debtor has, on multiple occasions, attempted to reorganize his debts to be able to pay the student loan debt. Including filing this bankruptcy, and one in 2015. Despite these efforts, the size of the debts has prevented debtor from getting a fresh start.

21. Plaintiff is currently the sole income earner for his wife and child, age 10.

22. Plaintiff's current payments during the COVID pandemic were $0 due to various Presidential enactments postponing payments. He is enrolled in the PSLF program so his payments are capped at a certain percentage of his income. His current payment amount is $194.

23. Plaintiff has received a total of 109 months of forbearances or deferments, and he has made a total of $2,134 in payments. This demonstrates that his situation is unlikely to change.

24. He has tried to maximize his income and minimize his expenses, but Montana pays less than the national average for his job, and his expenses are limited. Unfortunately, he has higher than average medical expenses due to his disability.

25. The current end date for his payments is 2042.

## COUNT I – DETERMINATION OF DISCHARGEABILITY

26. The preceding paragraphs are realleged as though set forth in full hereunder.

27. Plaintiff is entitled to a discharge of his student loan debt, either in whole or in part, because repayment would constitute an "undue hardship" on him.

28. Plaintiff meets the standard for undue hardship as articulated in the *Brunner/Totality of the Circumstances* test.

   a. Plaintiff cannot maintain a minimal standard of living if he is forced to repay his loans. At the moment, even with the discharge, his income is equal to or less than his expenses. So, the payment on his student loans hinders his ability to pay for the minimal standard of living. It is particularly burdensome because he has increased medical expenses due to his disabilities.

   b. His specific circumstances also indicate that his current state of affairs is likely to persist. Clausen is disabled, and while is able to work now, there is no guarantee that he will be able to continue working. His income is also depressed because positions in his field pay less than the national average, and he only receives modest pay increase. Put simply, his pay is lower than needed to pay off, or even pay down his loans, and his prospects for additional income are low. He may not even be able to work in the future.

   c. Clausen has made a good faith effort to pay the loans. While he has only made a few payments, his ability to pay was limited due to being on disability between 2014-2016, and his limited earning potential in Montana. He has attempted to deal with his student loan debt in various bankruptcies, but was unable to resolve despite his best efforts.

29. Accordingly, Plaintiff is entitled to a full and/or partial discharge of his student loans.

**WHEREFORE** Plaintiff requests that the following relief:

1. Determination of dischargeability;

2. Declaratory and/or injunctive relief; and,

3. For such other relief as the Court deems just and property.

DATED this 13th day of October, 2023

By   /s/Robert Farris-Olsen
Robert Farris-Olsen
MORRISON, SHERWOOD, WILSON & DEOLA PLLP

*Attorney for Defendant*